UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

        Petitioner,

v.                                          Case No. 1:06-cv-855

WAYNE COUNTY PROSECUTOR,         Hon. Wendell A. Miles

        Respondent.
_____/

## OPINION AND ORDER ON PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PETITIONER'S PENDING MOTIONS

On March 20, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that Gregory Johnson's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state-court remedies. Petitioner filed timely objections to the R&R (dkt. ##13, 14). Subsequently, Petitioner filed a Motion for Order Holding Petition for Writ of Habeas in Abeyance (dkt. #15) and Motion to Withdraw the Petition under 28 U.S.C.A. § 2255 (dkt. #16).

Report and Recommendation

When objections are made to a magistrate judge's R & R, the court's review is de novo. See Fed.R.Civ.P. 72(b). The court, having reviewed the R&R filed by the United States Magistrate Judge in this action, having reviewed Petitioner's objections and the relevant portions of the file in this case, rejects the conclusion reached by the Magistrate Judge, and instead concludes that Petitioner has established that he has exhausted his state-court remedies.

Petitioner was convicted in the Wayne County Circuit Court of first-degree murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm. On April 14, 2004, the trial court sentenced Petitioner to life imprisonment on the murder conviction; three to five years on the felon in possession conviction; and two years for the felony-firearm conviction. Petitioner appealed his conviction to the Michigan Court of Appeals. His conviction was affirmed by the Michigan Court of Appeals on March 16, 2006. (People v. Johnson, No. 255258, 2006 WL 657135 (Mar. 16, 2006)). On September 27, 2006, the Michigan Supreme Court denied leave to appeal because the Court was not persuaded that the questions presented should be reviewed. Petitioner did not petition for certiorari in the United States Supreme Court, but filed the instant petition of December 4, 2006.

Petitioner raises the following claims in his petition: (1) Fourth Amendment violations by an unreasonable search and seizure, warrantless arrest, tainted testimony, hearsay testimony; (2) Fifth Amendment violation by prosecutor's comments on Petitioner's silence at trial; (3) Sixth Amendment violation where trial counsel failed to introduce evidence that the arrest warrant was defective; and (4) Fourth Amendment violations where he was not permitted to speak to counsel at the police station, unlawful bind over, and the prosecution's withholding of exculpatory evidence. The Magistrate Judge correctly stated that a federal court may not grant habeas relief to a state prisoner unless the prisoner has exhausted remedies available in state court. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional

2

issues by invoking one complete round of the State's established appellate review process." Id. at 845.  The Magistrate Judge did not identify which of Petitioner's claims were unexhausted, but merely concluded that Petitioner had failed to exhaust his state-court remedies because he had not filed a motion for relief from judgment under Michigan Court Rule 6.502.

A habeas petitioner "need not exhaust any and all remedies that are potentially available to him in state court."  Clinkscale v. Carter, 375 F.3d 430, 439 (6th Cir. 2004), cert. denied, 125 S.Ct. 1316 (2005).  Where a petitioner properly and fairly presents his claims on direct appeal to the state's intermediate appellate court and highest court, he is not required to also file a collateral motion.  Id.; and see Castille v. Peoples, 489 U.S. 346, 350 (1989) ("[O]nce [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."); Fields v. Bagley, 275 F.3d 478, 482 (6th Cir. 2001) (finding that a claim is exhausted when the highest court of the state had the ability to review the claim on its merits); Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990) ("To exhaust his or her remedies, a petitioner for federal habeas corpus relief is only required to raise his claims before the state's highest court."); Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir. 1986) (("[O]nce an issue of asserted federal constitutional violation has been presented to the highest state court in the state concerned, that the doctrine of exhaustion of remedies does not require futile repetitive presentation to such court by repeated attempts through a variety of motions"); Coleman v. Maxwell, 351 F.2d 285, 286 (6th Cir. 1965) (same).  The court has reviewed the petition for habeas relief and the Michigan Court of Appeals' unpublished opinion, and concludes that Petitioner has invoked and exhausted all levels of the State's established appellate review process with regard to each of his present claims.

In light of the above opinion, Petitioner's Motions for Order Holding Petition for Writ of Habeas in Abeyance and Motion to Withdraw the Petition under 28 U.S.C.A. § 2255 are moot, and will, accordingly, be denied.

### Case Caption

The court notes that Petitioner's original petition for habeas relief, filed December 4, 2006, named the Wayne County Prosecuting Attorney as the respondent. Petitioner was ordered to file an amended petition (see dkt. #4). Petitioner filed his amended petition on February 22, 2007, correctly naming as the respondent Cindi Curtin, Oaks Correctional Facility Warden. The Clerk of the Court shall correct the docket report to show the proper respondent.

### Conclusion

For the foregoing reasons, the court REJECTS the Magistrate Judge's R&R (dkt. #11); DENIES Petitioner's Motion for Order Holding Petition for Writ of Habeas in Abeyance (dkt. #15): DENIES Petitioner's Motion to Withdraw the Petition under 28 U.S.C.A. § 2255 (dkt. #16); and DIRECTS THE CLERK to correct the docket report to show Cindi Curtin as the respondent. The court shall issue an order to answer consistent with this opinion. Petitioner's Motion Requesting Expedited Consideration (dkt. 17) is hereby DENIED as moot.

So ordered this 4th day of May, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge