UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

   Petitioner,

v.

   File No. 1:06-cv-855

   HON. ROBERT HOLMES BELL

CINDI CURTIN,

   Respondent.
   _____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

  This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Gregory Johnson. (Dkt. No. 5.) Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 106.) Petitioner has filed objections to the R&R. (Dkt. Nos. 107, 110, 114.)

  This Court reviews de novo issues in an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

  First, Petitioner contends in his objections that his home was searched without a warrant; however, Petitioner attached a search warrant to his original petition. (Dkt. No. 1,

Ex. 1 at 20.) Petitioner also contends that he was arrested without a warrant, but does not object to the determination of the R&R that his illegal arrest is irrelevant to his claim, and that the officers had probable cause to arrest Petitioner even without a warrant. (*See* R&R 13.)

Petitioner also contends a search warrant dated December 5, 2003, did not exist; however, the copy of the warrant provided by Petitioner is dated December 5, 2003. (Dkt. No. 1, Ex. 1 at 20.)

In his petition, Petitioner claims that he was denied compulsory process for obtaining witness evidence in his favor. Now, in his objections, Petitioner raises a new claim, i.e., that his trial counsel was ineffective for failing to cause certain witnesses to appear and testify. On the day of the shooting, several 911 callers reported hearing or witnessing events in relation to the shooting. Over a half hour after the shooting occurred, one 911 caller identified a suspect named "Charles" in connection with the shooting. (Dkt. No. 50, 03/25/2004 Trial Tr. 15.) Subpoenas were issued to several witnesses to events that occurred in connection with the shooting but these witnesses did not appear at trial. (*Id.* at 60, 61, 77.) In particular, Petitioner refers to Tosha Flint, who was one of the 911 callers.[1] Petitioner also refers to Kim Owens, who stated in a police report that she did not see the shooting, but heard a shot and saw a man dressed in black run around the corner. (Dkt. No. 114, Ex. 1.)

Petitioner's ineffective assistance claim is not properly before the Court because it

---

[1] Apparently, Ms. Flint is the 911 caller who identified the suspect named "Charles."

was not presented in his petition and he has not sought leave to amend the petition. Even assuming Petitioner has properly presented his ineffective assistance claim to this Court, it is procedurally defaulted because he did not raise or otherwise exhaust this claim in state court proceedings. *See* 8 U.S.C. § 2254(b)(1)(A). He has not argued, much less demonstrated, cause and prejudice for failure to raise this claim, or a fundamental miscarriage of justice. *See Alexander v. Smith*, 311 F. App'x 875, 885 (6th Cir. 2009) (noting that, in Michigan, a claim of ineffective assistance of counsel may be brought on direct appeal). Moreover, Petitioner's claim is without merit because he has not shown that he was prejudiced by any alleged error on the part of his trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). In his objections to the R&R Petitioner does not indicate what testimony these witnesses might have offered in support of his defense, other than that another suspect may have been involved in the shooting. But through the recording of the 911 call and the cross-examination of the prosecution's witnesses that did appear at trial, the jury was fully informed of the absence at trial of other potential witnesses and of the identification of a suspect named "Charles" by the 911 caller. Petitioner does not indicate what other testimony the absent witnesses might have added. Moreover, an officer testifying for the prosecution indicated that he repeatedly attempted to contact and secure Ms. Flint as a witness before trial, but was unable to do so. (Dkt. No. 50 , 03/25/2004 Trial Tr. 35-36.) Also, a subpoena was issued for Ms. Owens, but she did not appear at trial. (*Id.* at 60-61.) Even if these witnesses had been able to provide testimony beneficial to Petitioner, the Court

is not persuaded that Petitioner's counsel could have succeeded in securing their testimony where the efforts of the prosecution and the subpoena power of the state court had failed. In other words, even assuming Petitioner's Sixth Amendment ineffective assistance claim is properly before this Court, he has not demonstrated that there is a "reasonable probability" that, but for his counsel's errors, the outcome of his criminal proceeding would have been different.

Having addressed the merits of Petitioner's claims, the Court will determine whether to grant a certificate of appealability. A certificate should issue if Petitioner has made a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Upon review, a reasonable jurist would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. Nos. 107, 110, 114) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 106), together with the memorandum opinion herein, is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to all of Petitioner's claims.


Dated: March 9, 2010                              /s/ Robert Holmes Bell
                                                                      ROBERT HOLMES BELL
                                                                      UNITED STATES DISTRICT JUDGE